Scott Andrew Farrow  E-filed: July 23, 2014
Acting Assistant United States Trustee
State Bar # WI 1000609
*scott.a.farrow@usdoj.gov*

Athanasios E. Agelakopoulos, Trial Attorney
State Bar Numbers: GA 253634; DE 4491
*athanasios.agelakopoulos@usdoj.gov*

**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel: (702) 388-6600 Ext. 224
Fax: (702) 388-6658

**Attorneys for the United States Trustee for Region 17**
         **TRACY HOPE DAVIS**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: ) | Case No. BK-S-14-14931-ABL |
| ) | |
| Bistro Central, LV LLC ) | Chapter 11 |
| ) | Date: July 25, 2014 |
| ) | Time: 1:30 p.m. (PT) |
| ) | Place: Foley Courtroom 1 (Third Floor) |
| ) | |
| Debtor. ) | |

**THE UNITED STATES TRUSTEE'S OMNIBUS OBJECTION TO DEBTOR'S FIRST-DAY MOTIONS SEEKING (I) AUTHORIZATION TO PAY ALLEGED CRITICAL VENDORS (ECF NO. 37), (II) AN EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENTS (ECF NO. 8) AND (III) AUTHORIZATION TO MAINTAIN EXISTING BANK ACCOUNTS (ECF NO. 6)**

To the Honorable August B. Landis, United States Bankruptcy Judge:

Tracy Hope Davis, United States Trustee for Region 17 (the "United States Trustee"), hereby objects (the "Omnibus Objection") to the following motions filed by captioned debtor Bistro Central LV, LLC (the "Debtor"): (1) Debtor's motion seeking the Court's authorization to pay certain alleged critical vendors (ECF No. 37) (the "Critical Vendors Motion"), (2) Debtor's motion seeking an extension of time to file schedules and statement of financial affairs (ECF No.

1

8) the "Schedules Motion") and (3) Debtor's motion seeking authorization to maintain existing bank accounts and cash management system (ECF No. 6) (the "Bank Accounts Motion").

The United States Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201. To the extent that the Objection contains factual assertions predicated upon statements made by Debtor, any of its current or former agents, attorneys, professionals, officers, directors or employees, the United States Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 801(d)(2).

The Omnibus Objection is supported by the following memorandum of points and authorities and any argument the Court may permit on the Omnibus Objection.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### BACKGROUND FACTS AND PROCEDURAL POSTURE

1. On July 17, 2014, Debtor commenced the captioned case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code").

2. On that same date, Debtor filed both the Schedules Motion and the Bank Accounts Motion. (ECF Nos. 6 & 8).

3. Also on July 17, 2014, Debtor filed its *Motion to Extend the Automatic Stay Pursuant to Sections 105(a) and 362(a) to Co-Debtor* (ECF No. 10) (the "Stay Motion").]

4. In the Stay Motion, Debtor asserts that one of main reasons for granting the relief requested in the Stay Motion is that the potential assertion of a liability by Desert Palace, Inc.

d/b/a/ Caesars Palace Hotel and Casino in the amount of $266,326.65 as a cure claim under its existing unexpired lease of non-residential real property with Debtor "…could become a feasibility issue at the time of confirmation." (ECF No. 10; pg. 4 of 9; ¶ 15).

5. Accompanying Debtor's voluntary petition for relief is a list of creditors holding the twenty (20) largest unsecured claims in Debtor's bankruptcy case. (ECF No. 1; pgs. 5-7 of 16) (the "Top 20 List"). Included on Debtor's Top 20 List are (1) a claim in the amount of $2,002,112.00 held by the Nevada Department of Taxation with the description "Sales/mbt taxes," (2) a claim in the amount of $425,000.00 held by the Internal Revenue Service with the description "2014 2nd Quarter," and (3) a claim in the amount of $105,000.00 held by the Department of Employment Training and Rehabilitation Employment Security Division without any description of the nature of this claim. (ECF No. 1; pgs. 5-6 of 16).

6. Without the benefit of sworn schedules and statements filed Debtor and/or the passage of the bar date for governmental units to file proofs of claim in Debtor's bankruptcy case, it is not yet clear how much of the amounts referenced in paragraph five (5) above may be entitled to a distribution priority under, among other sources of law, 11 U.S.C. § 507(a)(8), if any.

7. Debtor filed the Critical Vendors Motion on July 18, 2014. (ECF No. 37).

8. Through the Critical Vendors Motion, Debtor seeks authorization to pay general unsecured claims incurred by Debtor prepetition in the aggregate amount of $228,600.00. (ECF No. 37; pg. 3 of 7; ¶ 7). Debtor seeks this amount under the Critical Vendors Motion in addition to other amounts for which Debtor has sought Court authorization to pay, including employee wages and related benefits. (ECF No. 12).

3

9. On July 21, 2014, Debtor filed the *Declaration of Carl Halvorson in Support of Bankruptcy Filing and First Day Motions* (ECF No. 56) (the "Halvorson Declaration").

10. The meeting of creditors in Debtor's bankruptcy case, pursuant to 11 U.S.C. § 341 and Federal Rule of Bankruptcy Procedure 2003, has been set for August 21, 2014. (ECF No. 11).

11. Through the Schedules Motion, Debtor seeks an extension of time to file schedules and statements required under 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007 through August 31, 2014, a date that postdates the meeting of creditors in this case by a period of ten (10) days and may postdate a final hearing on Debtor's First Day motions.

12. The United States Trustee respectfully requests that the Omnibus Objection be sustained.

## ARGUMENT

*Debtor's requested relief in the Critical Vendors Motion should be denied because Debtor has not established sufficient cause for the relief requested therein*

13. Debtor predicates the Critical Vendors Motion on three separate provisions of the Bankruptcy Code, 11 U.S.C. §§ 105(a), 363(b) and 503(b)(9). None of these statutory provisions support Debtor's requested relief based on the record developed by Debtor to date in this case.

14. Debtor's arguments that section 105 of the Bankruptcy Code authorizes the relief requested in the Critical Vendors Motion are not correct.

15. Ninth Circuit case law casts considerable doubt on whether the necessity of

4

payment doctrine applies outside of the context of railroad reorganizations and otherwise survived the enactment of the Bankruptcy Code. *B & W Enterprises, Inc. v. Goodman Oil Co. (In re B & W Enterprises, Inc.)*, 713 F.2d 534, 537 (9th Cir. 1983) ("*The Necessity of Payment Rule was created for and has been applied only to railroad cases.* Absent compelling reasons, we deem it unwise to tamper with the statutory priority scheme devised by Congress in the 1978 Act.") (citation omitted) (emphasis added). With respect to the argument that a bankruptcy court's general equitable powers authorize such relief, the Ninth Circuit observed, "There is no indication Congress intended the courts to fashion their own rules of super-priorities within any given priority class." *Id.*

16. The Supreme Court of the United States has construed section 105(a) of the Bankruptcy Code to enable a bankruptcy court to implement, rather than override, the Bankruptcy Code. *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988); *In re Kmart Corp.*, 359 F.3d at 871; *see also Rosenberg Real Estate Equity Fund, III v. Air Beds, Inc. (In re Airbeds, Inc.)*, 92 B.R. 422 (9th Cir. B.A.P. 1988) (observing that, "The general rule is that a distribution on prepetition debt in a Chapter 11 case should not take place except pursuant to a confirmed plan of reorganization, absent extraordinary circumstance.").

17. Based upon these authorities, as well as the lack of evidentiary support for the relief requested by Debtor in the Critical Vendors Motion, the United States Trustee respectfully submits that 11 U.S.C. § 105(a) and the Court's inherent authority do not provide a sufficient basis for granting the relief requested in the Critical Vendors Motion. Therefore, to the extent that Debtor's request for relief in the Critical Vendors Motion is predicated on such authorities, it should be denied.

18. In addition, the United States Trustee respectfully submits that Debtor has not satisfied the requirements for invoking 11 U.S.C. § 363(b) as a potential statutory basis for the relief requested in the Critical Vendors Motion. In *Kmart*, Judge Easterbrook observed that section 363(b) could possibly serve as a basis for the alleged critical vendor payments at issue in that case; however, Judge Easterbrook observed on appeal that the bankruptcy court did not make findings that (1) any prepetition creditor would have ceased doing business with Kmart if the prepetition creditor was not paid its prepetition claim, (2) Kmart could have posted a letter of credit to assure vendors of payment, (3) that discrimination among unsecured creditors was the only way to facilitate a reorganization and (4) that the disfavored creditors fared as well or better than they would have fared had the critical vendor order not been entered. 359 F.3d at 873-874.

19. Here, as in *Kmart*, Debtor has not offered sufficient evidence establishing each of these factors. In addition, the Critical Vendors Motion is unclear as to whether any or all of the alleged critical vendors can be compelled to continue to do business with Debtor due to the existence of an executory contract and by operation of the automatic stay.

20. The feasibility issues raised by Debtor itself in the Stay Motion, when assessed against the backdrop of potential priority tax claims in this case under 11 U.S.C. §507(a)(8) and the amounts of funds for which Debtor has already sought and obtained Court authorization to spend, counsel against granting the relief requested in the Critical Vendors Motion.

21. Because Debtor has not offered sufficient evidence establishing each of the *Kmart* factors, Debtor has not met its burden under 11 U.S.C. § 363(b). The relief requested in the Critical Vendors Motion under that statutory provision should, therefore, be denied.

22. The Critical Vendors Motion seeks relief governed by Bankruptcy Rule 6003(b)

6

within the first twenty-one days of this case. But Debtor does not recite facts in the Critical Vendors Motion or the Halvorson Declaration that demonstrate Debtor would suffer both immediate and irreparable harm if the Critical Vendors Motion is not granted within the first twenty-one days of this case. Because Debtor has not met the requirements of Bankruptcy Rule 6003(b), the relief requested in the Critical Vendors Motion should be denied on this basis, as well.

23. Finally with respect to Debtor's arguments advanced pursuant to 11 U.S.C. §503(b)(9), the most that Debtor can allege in this regard is that certain alleged critical vendors "*may* possess allowed administrative expense priority claims." (ECF No. 37; pg. 5 of 7; ¶ 12) (emphasis added). The mere potential of a distribution priority does not warrant the relief requested in the Critical Vendors Motion and, thus, Debtor's arguments under 11 U.S.C. § 503(b)(9) fail, as well.

24. For these reasons, the Omnibus Objection should be sustained as to the Critical Vendors Motion, and the relief requested by Debtor in that motion should be denied.

*Debtor has not established cause for the nature and extent of relief requested in either the Bank Accounts Motion or the Schedules Motion*

25. First, Debtor's Bank Account Motion seeks authorization to continue using existing investment practices without specifying either what those practices are and, more importantly, why any such practices have been included as part of the Bank Account Motion. This aspect of the Bank Account Motion should be denied.

26. With respect to the remainder of the relief requested in the Bank Account Motion, Debtor merely alleges that adherence to the United States Trustee's Guidelines would disrupt

7

Debtor's business operations. The Halvorson Declaration, however, devotes only a single paragraph of evidentiary support to the Bank Accounts Motion, and the Halvorson Declaration merely asserts that the bank accounts are essential to Debtor's business; the declaration says nothing about Debtor's alleged cash management system. (ECF No. 56; pg. 4 of 8; ¶ 9).

27. Given the lack of evidentiary support, the relief requested in the Bank Accounts Motion should be denied, as well.

28. Debtor's requested relief in the Schedules Motion should be denied, as well.

29. Despite the requirement of Federal Rule of Bankruptcy Procedure 1007 that Debtor establish cause for its requested extension, Debtor merely makes reference to the alleged exigent nature of its bankruptcy filing as a basis for extending the deadline for filing schedules and statements required by 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007 to a date that postdates the scheduled meeting of creditors in this case by a period of ten (10) days.

30. Debtor does not explain what current management is doing to comply with its legal duties as a debtor in possession under 11 U.S.C. §§ 1101(1), 1106, 1107 and 1108 that are keeping management from completing full, candid and complete schedules and statements in the time period allotted under Federal Rule of Bankruptcy Procedure 1007.

31. The United States Trustee respectfully submits that Debtor has not established cause within the meaning of Federal Rule of Bankruptcy Procedure 1007 for the relief requested in the Schedules Motion.

32. The Omnibus Objection should, therefore, be sustained as to both the Schedules Motion and the Bank Account Motion, and the relief requested in those motions should be denied.

33. WHEREFORE, The United States Trustee respectfully submits that the Omnibus Objection should be sustained and the relief requested in the Critical Vendors Motion, the Schedules Motion and Bank Account Motion should be denied.

Dated: Las Vegas, Nevada

      July 23, 2014                    Respectfully submitted,

                                          TRACY HOPE DAVIS
                                          UNITED STATES TRUSTEE

                            By: /s/ *Athanasios E. Agelakopoulos*
                                       Athanasios E. Agelakopoulos
                                       Attorney for the United States Trustee
                                       United States Department of Justice

                                       300 Las Vegas Blvd. South, Suite 4300
                                       Las Vegas, Nevada 89101
                                       Telephone: (702) 388-6600 ext. 224
                                       *athanasios.agelakopoulos@usdoj.gov*