Victoria L. Nelson, Esq. (NV Bar No. 5436)
Email: vnelson@nelsonhoumand.com
Jacob L. Houmand, Esq. (NV Bar No. 12781)
Email: jhoumand@nelsonhoumand.com
NELSON & HOUMAND, P.C.
3900 Paradise Road; Suite U
Las Vegas, Nevada 89169-0903
Telephone:    702/720-3370
Facsimile:    702/720-3371

*Electronically Filed On: July 23, 2014*

*Attorneys for Desert Palace, Inc. d/b/a Caesars Palace*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No. BK-S-14-14931-ABL |
| --- | --- |
| BISTRO CENTRAL, LV, LLC, | Chapter 11 |
| Debtor. | **RESPONSE TO MOTION TO EXTEND THE AUTOMATIC STAY PURSUANT TO SECTIONS 105(a) AND 362(a) TO CO-DEBTOR** |
| | Date of Hearing:    July 25, 2014 |
| | Time of Hearing:    1:30 p.m. |
| | Place: Courtroom No. 1, Third Floor |
| |             Foley Federal Building |
| |             300 Las Vegas Blvd., S. |
| |             Las Vegas, NV 89101 |
| | Judge: Honorable August B. Landis |

    Victoria L. Nelson, Esq. and Jacob L. Houmand, Esq., of the law firm of Nelson & Houmand, P.C., attorneys for Desert Palace, Inc. d/b/a Caesars Palace (referred to herein as "Landlord" or "Creditor"), hereby this Response to the Motion to Extend the Automatic Stay Pursuant to Sections 105(a) and Section 326(a) to Co-Debtor (the "Response").[1]

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

-1-

The Response is based on the following Memorandum of Points and Authorities, the Motion for Leave To Exercise Recoupment Rights Against Bistro Central, LC, LLC (the "Motion for Recoupment") [Docket No. 50], the Declaration of Michael Grey in Support of the Motion for Leave To Exercise Recoupment Rights Against Bistro Central, LC, LLC (the "Grey Declaration") [Docket No. 51], the pleadings and papers on file herein and any argument that may be entertained at any hearing on the Motion to Extend the Automatic Stay Pursuant to Sections 105(a) and 362(a) to Co-Debtor.[2]

Dated this 23rd day of July, 2014.

**NELSON & HOUMAND, P.C.**

/s/ *Victoria L. Nelson*
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Jacob L. Houmand, Esq. (NV Bar No. 12781)
3900 Paradise Road; Suite U
Las Vegas, Nevada 89169-0903
Telephone:  702/720-3370
Facsimile:  702/720-3371

*Attorneys for Desert Palace, Inc. d/b/a Caesars Palace*

---

[2] Landlord also requests that the Court take judicial notice of all pleadings filed in the above-captioned bankruptcy case pursuant Rule of Evidence 201, incorporated by reference by FRBP 9017.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The purpose of this Response is to clarify Landlord's position regarding the Motion to Extend the Automatic Stay Pursuant to Sections 105(a) and 362(a) to Co-Debtor [Docket No. 10] (the "Motion to Extend Stay"). Landlord incorporates by reference the facts set forth in the Grey Declaration that was filed in support of the Motion for Recoupment, and the additional facts provided below.

Landlord and Bistro Central, LV, LLC (the "Debtor") are parties to a Lease Agreement (defined below) that was executed on or about January 18, 2011. The terms of the Lease Agreement are straightforward. In exchange for the ability to utilize certain retail space in the hotel/casino resort complex located at 3570 Las Vegas Boulevard South, Las Vegas, Nevada 89109 currently known as Caesars Palace (the "Hotel Casino") for the operation of a restaurant, the Debtor is required to pay Landlord both a Minimum Rent payment (defined below) and a Percentage Rent payment (defined below) on a monthly basis. The Lease Agreement also requires the Debtor to prevent the recording of any mechanic's liens against the Hotel Casino for any tenant improvements performed by the Debtor. The Lease Agreement further provides that the Debtor is required to accept room charges made by patrons of the Hotel Casino at the Debtor's establishment (the "Room Charges"). Landlord will then reconcile these room charges with any amounts due and owing under the Lease Agreement and remit the remaining balance to the Debtor.

Beginning in the fall of 2011, the Debtor defaulted on numerous obligations owing to contractors performing tenant improvements on the space leased by the Debtor. These defaults resulted in the recording of mechanics' liens against the Hotel Casino and the commencement of litigation seeking to foreclose on the Hotel Casino. The most notable of the mechanics' liens litigation involved Shawmut Woodworking & Supply, Inc. d/b/a Shawmut Design and Construction ("Shawmut"). The litigation with Shawmut was resolved through a settlement agreement that required the Debtor to make monthly payments in the amount of Sixty-Six Thousand Six Hundred Sixty-Six and 67/100 dollars ($66,666.67) to Shawmut (the "Shawmut

-3-

Agreement"). Since April 1, 2014, the Debtor has defaulted under its obligations to remit the required monthly payments to Shawmut, resulting in the acceleration of the remaining balance of Two Hundred Sixty-Six Thousand Three Hundred Twenty-Six Dollars and Sixty-Five Cents ($266,326.65) under the settlement agreement with Shawmut. In the event that the Debtor defaults on its obligations under the Shawmut Agreement, Landlord will be required to remit the remaining balance owing under the Shawmut Agreement.

In order to prevent the payment of the balance under the Shawmut Agreement from becoming an obligation that would be entitled to an administrative priority claim, the Debtor has filed the instant Motion seeking to extend the automatic stay to Landlord. While the Landlord certainly does not oppose the relief requested in the Motion, Landlord is willing to comply with any and all of its obligations arising under the Shawmut Agreement. In the event that the automatic stay is not extended to Landlord, it will seek to recoup any amounts payable pursuant to the Shawmut Agreement through Room Charges.[3]

## II.    LEGAL ARGUMENT

### A.    Landlord Is Prepared to Satisfy Its Obligations Arising Under the Shawmut Agreement Subject to the Right to Recoup Any and All Payments Made On Behalf of the Debtor

Landlord does not dispute that it is obligated to remit the remaining balance due and owing under the Shawmut Agreement in the event that the Court does not grant the relief requested in the Motion. As set forth in detail in the Motion to Recoup, Landlord contends that the Lease Agreement has been terminated pre-petition and that the Debtor does not have the right to assume the Lease Agreement pursuant to Section 365. The termination of the Lease Agreement, however, does not preclude Landlord from exercising its rights under the doctrine of recoupment by deducting any amounts owing to Landlord based on the Lease Agreement from the Room Charges. *See In re B&L Oil Co.*, 782 F.2d 155, 159 (10th Cir. 1986) (holding that the application of the "equitable doctrine [of recoupment] should not depend on whether the parties

---

[3] Landlord reserves and all rights arising under the Lease Agreement or the applicable laws of the State of Nevada or Federal Law. This includes the right to assert that the Lease Agreement was terminated pre-petition, thereby preventing the Debtor from assuming the Lease Agreement under Section 365.

-4-

expressly anticipated the problem," and allowed recoupment absent express contractual permission); *see also In re Flagstaff Realty Assocs.*, 60 F.3d 1031 (3rd Cir. 1995) (holding that rejection of lease agreement did not alter continuing vitality of lease terms affecting rent amount, and thus, debtor was not relieved of obligation to accept reduced rent based on repairs performed by tenant). Accordingly, Landlord reserves the right to recoup any payments made pursuant to the Shawmut Agreement from the Room Charges.

### IV. CONCLUSION

As set forth above, Landlord is prepared to fulfill all of its obligations under the Shawmut Agreement in the event that the Court does not grant the relief requested in the Motion. Landlord, however, reserves all of its rights and remedies based on the Lease Agreement including, but not limited to, the recoupment of any payments made pursuant to the Shawmut Agreement from Room Charges and the ability to argue that the Lease Agreement was terminated prior to the Debtor's bankruptcy filing.

Dated this 23rd day of July, 2014.

NELSON & HOUMAND, P.C.

*/s/ Victoria L. Nelson*
Victoria L. Nelson, Esq. (NV Bar No. 5436)
Jacob L. Houmand, Esq. (NV Bar No. 12781)
3900 Paradise Road; Suite U
Las Vegas, Nevada 89169-0903
Telephone:   702/720-3370
Facsimile:    702/720-3371

*Attorneys for Desert Palace, Inc. d/b/a Caesars Palace*