Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Proposed Attorneys for the Debtor

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 14-14931-ABL |
| Bistro Central, LV LLC, | Chapter 11 |
| Debtor. | |

STATE OF NEVADA     )
                    )  ss:
COUNTY OF CLARK     )

**DECLARATION OF CARL HALVORSON IN
SUPPORT OF CASH COLLATERAL MOTION**

Carl Halvorson, as Manager of Bistro Central, LV LLC, being duly sworn, deposes and says:

1. I am over the age of 18, mentally competent and make this declaration in support of the voluntary Chapter 11 bankruptcy filing of Bistro Central, LV LLC (the "**Debtor**").

2. On July 24, 2014 (the "**Petition Date**"), the Debtor filed its voluntary petition in this Court for reorganization relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "**Bankruptcy Code**").

3. Debtor Bistro Central, LV LLC operates its business as the Central Michel Richard restaurant located inside the Caesars Palace Hotel and Casino in Las Vegas, Nevada.  The Debtor leases the premises for the restaurant from Desert Palace, Inc. d/b/a Caesars Palace Hotel and Casino

("**Caesars**").  The restaurant is a 24-hour, French-American themed restaurant which employs approximately 165 full-time and part-time employees.

4. On July 22, 2014, the Debtor filed its Debtor's Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 1107 and 1108 and Rules 4001(b), 6003 and 6004 of the Federal Rules of Bankruptcy Procedure for Entry of Interim and Final Orders (A)(I) Authorizing the Use of Cash, Including Cash Collateral, (ii) Finding that the Interests of the Prepetition Lender or Any Other Purportedly Secured Party are Adequately Protected, and (III) Granting Related Relief, or (B) Alternatively, Authorizing the Debtor to Surcharge the Prepetition Collateral, and (C) Scheduling Interim and Final Hearings (the "**Cash Collateral Motion**").

5. As stated in the Cash Collateral Motion, the Debtor derives practically all of its income from the revenues it receives from the operation of the restaurant.  The Debtor depends on the revenues, in part, to maintain the business operations of the restaurant, including the payment of expenses for lease obligations, payroll, utilities and vendors.

6. Without the ability to use the business revenues, the Debtor will be unable to maintain the restaurant operations, including the payment of all necessary expenses.  Moreover, the failure to pay the aforementioned expenses will result in an inability to maintain the income stream generated from the Debtor's business operations.  Consequently, if the Debtor is unable to use its business revenues, it will be forced to abandon the leased premises to the detriment of the Debtor's estate, its creditors and other parties in interest.

7. As Managing Member of the Debtor, I prepared the budged attached to the Cash Collateral Motion, which is a good faith estimate of projected income and expenses of the Debtor for the next 12 months and is based on historical figures.  The Debtor will maintain a detailed accounting of all expenses funded by the cash collateral generated by its business operations.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this 24th day of July, 2014.

_____
Carl Halvorson, Manager of
Bistro Central, LV LLC