Samuel A. Schwartz, Esq.  
Nevada Bar No. 10985  
Bryan A. Lindsey, Esq.  
Nevada Bar No. 10662  
The Schwartz Law Firm, Inc.  
6623 Las Vegas Blvd. South, Suite 300  
Las Vegas, Nevada 89119  
Telephone: (702) 385-5544  
Facsimile: (702) 385-2741  
Proposed Attorneys for Debtor  

E-Filed: July 24, 2014

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | ) Case No.: 14-14931 |
| | ) |
| Bistro Central, LV LLC, | ) Chapter 11 |
| | ) |
| Debtor. | ) Hearing Date: July 25, 2014 |
| | ) Hearing Time: 1:30 p.m. |

**REPLY TO OPPOSITION MOTION TO EXTEND THE AUTOMATIC STAY PURSUANT TO SECTIONS 105(a) AND 362(a) TO CO-DEBTOR**

Bistro Central, LV LLC, the above captioned debtor and debtor-in-possession (the "**Debtor**"), hereby submits this this reply (the "**Reply**") to the opposition (the "**Opposition**") of Shawmut Woodworking & Supply Inc. d/b/a Shawmut Design and Construction ("**Shawmut**") to the Debtor's motion (the "**Motion**")[1] for the entry of an order extending the automatic stay pursuant to 11 U.S.C. §§ 105 and 362 to co-debtor Desert Palace, Inc. d/b/a Caesars Palace Hotel and Casino ("**Caesars**"), with respect to any debts owed to Shawmut. In support of the Reply, the Debtor respectfully states as follows:

**Preliminary Statement**

1. As indicated in the Motion and Opposition, both Shawmut and the Debtor agree that the

---

1  Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Motion.

usual preliminary injunction standard should be applied to determine whether the automatic stay should be extended to Caesars. As set forth herein, each of the four factors tips in favor of the Debtor. Accordingly, the Motion should be granted.

## **Argument**

2. The Motion and Opposition both indicate that this Court should apply the usual preliminary injunction standard to determine whether the automatic stay should be extended to Caesars, that is: (1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury; (3) a balance of hardships; and (iv) advancement of the public interest. <u>Stanley v. Univ. of S. Cal.</u>, 13 F.3d 1313, 1319 (9th Cir. 1984); <u>In re Excel Innovations, Inc.</u>, 502 F.3d 1086 (9th Cir. 2007). As set forth herein and contrary to Shawmut's Opposition, each of the above-factors weighs in favor of extending the stay to Caesars.

**Strong Likelihood of Success on the Merits**

3. Shawmut argues that the Debtor fails to satisfy this first prong because it has not shown that it has a reasonable likelihood of a successful reorganization. <u>See</u> Opposition, p. 6. Importantly, however, the underlying facts of this case indicate that the Debtor at lease has a reasonable likelihood of a successful reorganization. First, as admitted by Shawmut in the Opposition, in less than one year since the Settlement Agreement was signed in August 2013, the Debtor has paid down the debt owed to Shawmut from $1.2 million to approximately $266,000, or roughly 78% of Shawmut's claim. Simply put, the Debtor's business operations make money.

4. Second, on July 22, 2014, the Debtor filed its motion to use cash collateral (<u>see</u> Docket No. 59), and attached to that motion as <u>Exhibit A</u> included a budget of the Debtor for the next 12 months. Importantly, the budget and supporting declaration of Carl Halvorson indicate that the Debtor is projected to generate approximately $13 million in gross sales over the next 12 months, and will be

able to pay its post-petition obligations (including adequate protection payments to Shawmut). Accordingly, the Debtor does have a reasonable likelihood of a successful reorganization.

**Irreparable Harm**

5. Shawmut contends that the irreparable harm to the Debtor is speculative, at best, and questions whether it matters whether Bistro is forced to pay Caesars instead of Shawmut. See Opposition, p. 6. As set forth in the Motion, the Shawmut debt is a pre-petition, secured debt, which is adequately protected by its lien on the Caesars Palace Hotel and Casino. Moreover, the Debtor's cash collateral budget proposes to pay Shawmut adequate protection at an amount of $2,500 per month, which equates to just over 10% interest on its claim.

6. If Caesars, the Debtor's landlord, is forced to pay the debt, the $266,000 becomes a lease obligation which the Debtor would be eventually required to cure in order to assume the lease. Moreover, the irreparable harm to the Debtor is further demonstrated by Caesars' response (see Docket No. 65) to the Debtor's Motion. Specifically, Caesars indicates that if required, it will pay the Shawmut debt, but then will seek relief from the automatic stay to offset its payment of the Shawmut debt with room charges (the "**Room Charges**") it would otherwise be required to remit to the Debtor. As the Room Charges account for approximately $350,000 to $400,000 of the Debtor's revenue each month, it appears that Caesars is inclined to offset any payments to Shawmut in just one month.

7. Furthermore, Caesars also reserves its rights to assert that its lease with the Debtor was terminated pre-petition.[2] Thus, the irreparable harm to the Debtor is evidenced by Caesar's response to the Debtor's Motion. Accordingly, this factor tips in favor of the Debtor.

---

2   The Debtor asserts the lease is property of its bankruptcy estate and any pre-petition termination of the lease was improper.

**Balance of Hardships**

8.	As set forth above, the Debtor has paid over $900,000, or roughly 78%, of Shawmut's debt since August 2013. Moreover, Shawmut is adequately protected by a lien on Caesars' property, and the Debtor is proposing adequate protection payments at $2,500 per month, which is over 10% interest on Shawmut's claim. Moreover, the case law cited by Shawmut simply indicates the strong public policy of mechanic's lien laws and affording contractors <u>security</u> for their claims. Here, Shawmut has security for its claim and is adequately protected.

9.	The Debtor, on the other hand, as set forth above, faces irreparable harm if the stay is not extended to Caesars and the Shawmut debt becomes a lease cure obligation for the Debtor. Indeed, the lease with Caesars is one of the Debtor's biggest assets and is essential to the restaurant operations. Accordingly, this factor tips in favor of the Debtor.

**Public Interest**

10.	Shawmut cites <u>Lehrer McGovern Bovis, Inc. v. Bullock Insulation, Inc.</u>, 197 P.3d 1032, 1041 (2008) to support its position that the public interest factor tips in its favor. As indicated above, however, <u>Lerher</u> only indicates the public policy for mechanic's liens and affording contractors security for their claims.

11.	The public interest inquiry generally considers the hardship to individuals not party to the proceeding, as well as the effect on principles of public significance. <u>In re Fullmer</u>, 323 B.R. 287 (Bankr. D.Nev. 2005). Importantly, a bankruptcy debtor's effort to reorganize has been recognized as being in the public interest and therefore an interest "worthy of protection." <u>Official Comm. Of Unsecured Creditors v. Nilson (In re Woodside Grp., LLC)</u>, 427 B.R. 817, 850 (Bankr. C.D. Cal. 2010). Here, the public interest is best served by the Debtor continuing its business opeartions and employing 165 people. Accordingly, the public interest factor weighs in favor of granting a stay.

**Conclusion**

Based upon the foregoing, the Debtor respectfully requests that this Court grant the relief requested in the Motion, and such other relief as the Court deems just or appropriate.

Dated this 24th day of July, 2014.

/s/ Samuel A. Schwartz, Esq.
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
Schwartz Law Firm, Inc.
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Proposed Attorneys for the Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copies of the foregoing were sent via Electronic Mail on July 24, 2014, to the following:

U.S. TRUSTEE - LV - 11   USTPRegion17.lv.ecf@usdoj.gov

ALYCIA K HANSEN on behalf of Creditor State of Nevada, on Relation of Its Department of Taxation  ahansen@ag.nv.gov, mmillam@ag.nv.gov;dwright2@ag.nv.gov

ERIK W. FOX on behalf of Creditor Shawmut Design & Construction
EFOX@MACLAW.COM, HBENEDICT@MACLAW.COM

JACOB L. HOUMAND on behalf of Interested Party DESERT PALACE, INC., d/b/a CAESARS PALACE
jhoumand@nelsonhoumand.com, vnelson@nelsonhoumand.com;cjorvig@nelsonhoumand.com;kortiz@nelsonhoumand.com;nalcantara@nelsonhoumand.com

RICHARD G MCCRACKEN on behalf of Creditor The Local Joint Executive Board of Las Vegas
ysaelee@dcbsf.com, dtrujillo@culinaryunion.org

WESLEY J. SMITH on behalf of Creditor Culinary and Bartenders Housing Partnership Fund
wes@cjmlv.com


/s/ Janine Lee
     Janine Lee