Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for the Debtor

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 14-14931-ABL |
| Bistro Central, LV LLC, | Chapter 11 |
| Debtor. | Hearing Date: OST Pending |
| | Hearing Time: OST Pending |

**MOTION OF THE DEBTOR FOR THE ENTRY OF AN ORDER: (i) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT; (ii) APPROVING FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES; (iii) FIXING THE VOTING DEADLINE WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN; (iv) PRESCRIBING THE FORM AND MANNER OF NOTICE THEREOF; (v) FIXING THE LAST DATE FOR FILING OBJECTIONS TO CHAPTER 11 PLAN; (vi) SCHEDULING A HEARING TO CONSIDER FINAL APPROVAL OF THE DISCLOSURE STATEMENT CONCURRENTLY WITH CONFIRMATION OF THE CHAPTER 11 PLAN; (vii) APPOINTING THE SCHWARTZ LAW FIRM, INC. AS SOLICITATION AND TABULATION AGENT; AND (viii) APPROVING THE BID PROCEDURES IN CONNECTION WITH THE AUCTION AND SALE OF THE DEBTOR'S ASSETS**

The above captioned debtor and debtor-in-possession (the "**Debtor**") files this motion (the "**Motion**") for the entry of an order: (i) conditionally approving the Joint Disclosure Statement; (ii) approving the form of ballots and proposed solicitation and tabulation procedures for the Plan of Reorganization of the Debtor (as such plan may be amended from time to time; (iii) fixing the voting deadline with respect to the Plan, (iv) prescribing the form and manner of notice thereof; (v) fixing the last day for filing objections to the Plan; (vi) scheduling a hearing to consider the final approval of

1

the Disclosure Statement concurrently with confirmation of the Plan, (vii) approving The Schwartz Law Firm, Inc. ("**SLF**") as the Debtor's solicitation and tabulation agent (the "**Solicitation and Tabulation Agent**"), and (viii) approving the bid procedures in connection with the auction and sale of the Debtor's assets, and in support of the Motion respectfully represents:

## JURISDICTION

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(a). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

1.     On July 17, 2014 (the "**Petition Date**"), the Debtor a filed voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (as amended, the "**Bankruptcy Code**"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate their business as debtor-in-possession.

2.     Neither an examiner nor a committee has been appointed in these cases.

## THE FILING OF THE PLAN AND DISCLOSURE STATEMENT

3.     On October 24, 2014, the Debtor filed its Disclosure Statement (the "**Disclosure Statement**") and Plan of Reorganization (the "**Plan**").

## RELIEF REQUESTED

4.     By this Motion and pursuant to sections 105, 502, 1125, 1126 and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3017, 3018 and 3020, and Local Rule 3017, the Debtor seeks the entry of an order:

    a.     conditionally approving the form and content of the Disclosure Statement;

    b.     approving the proposed voting procedures, including (i) establishing, for voting

        purposes only, a record holder date for the holders of claims, (ii) approving the forms of ballots and balloting instructions, (iii) establishing procedures for the solicitation of votes on the Plan, (iv) establishing a voting deadline, and (v) establishing procedures for tabulating votes on the Plan;

    c. scheduling the hearing to consider final approval of the Joint Disclosure Statement and confirmation of the Plan and fixing the last date for filing objections to confirmation of the Plan; and

    d. appointing SLF as the Solicitation and Tabulation Agent.

**A.     Conditional Approval of the Disclosure Statement**

5. While the Debtor will seek final approval of its Disclosure Statement at the same time as the confirmation hearing, the Debtor respectfully requests that the Court enter an order conditionally approving the Disclosure Statement as containing adequate information sufficient to satisfy section 1125(a) of the Bankruptcy Code for voting purposes only, subject to final approval at the confirmation hearing, and authorizing SLF, as the solicitation and tabulation agent, to commence solicitation of votes to accept or reject the Plan as soon as practicable after approval of this Motion. Conditional approval of the Disclosure Statement at this time will enable the Solicitation and Tabulation Agent to timely commence solicitation, eliminate the need for the scheduling of a separate disclosure statement hearing, shorten the length of this case, facilitate the confirmation of the Plan, allow the Debtor to sell its assets in an expeditious manner and significantly reduce administrative expenses of the Debtor's estate.

6. Pursuant to section 1125 of the Bankruptcy Code, a plan proponent must provide holders of impaired claims with "adequate information" regarding a proposed plan of reorganization. Section 1125(a)(1) provides:

3

> [A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interest in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan....

11 U.S.C. § 1125(a)(1).

7. Thus, a disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by impaired creditors or shareholders entitled to vote on the plan. See In re Dakota Rail, Inc., 104 B.R. 138, 142 (Bankr. D. Minn. 1989); In re Copy Crafters Quickprint Inc., 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of chapter 11 towards fair settlement through a negotiation process between informed interested parties").

8. In examining the adequacy of the information contained in a disclosure statement, the Bankruptcy Court has broad discretion. In re Texas Extrusion Corp., 844 F.2d 1142, 1157 (5th Cir. 1988) ("the determination of what constitutes adequate information is subjective and made on a case-by-case basis," and "[t]his determination is largely within the discretion of the bankruptcy court"); In re River Village Associates, 181 B.R. 795, 804 (E.D. Pa. 1995) (the Bankruptcy Court is given substantial discretion in considering the adequacy of a disclosure statement"); In re Dakota Rail, Inc., 104 B.R. at 143 (the definition of "adequate information" in 11 U.S.C. § 1125(a)(1) "leaves the bankruptcy court with wide discretion to determine on a case by case basis, whether disclosure statement contains adequate information, without burdensome, unnecessary, and cumbersome detail").

9.  The Debtor believes the Disclosure Statement contains adequate information for holders of claims and interests eligible to vote to make an informed decision regarding the Plan, including a discussion of, among other things: (i) detailed information concerning the classification and treatment of claims and interests under the Plan; (ii) detailed information with respect to the voting and confirmation processes associated with the Plan; (iii) the organization and activities of the Debtor; (iv) a summary of the Plan; (v) the means for implementation of the Plan; (vi) procedures for disputed claims; (vii) procedures for assumption or rejection of executory contracts; (viii) conditions precedent to confirmation and the effective date of the Plan and the Effective Date; (ix) the effect of confirmation of the Plan; (x) the feasibility of the Plan; (xi) certain tax consequences of the Plan; and (xii) alternatives to the Plan, including an analysis of the liquidation of the Debtor under chapter 7 of the Bankruptcy Code.  The Disclosure Statement therefore, contains adequate information, as required by section 1125(a) of the Bankruptcy Code, to enable each holder of a claim in the Voting Classes (as defined below) to make an informed on whether to accept or reject the Plan.

10.  Based upon the foregoing, the Debtor believes that conditional approval of the Disclosure Statement is consistent with section 1125 of the Bankruptcy Code, and such conditional approval, subject to final approval at the confirmation hearing, is in the best interest of the Debtor, its estate and its creditors.  Accordingly, the Debtor respectfully urge the Court to conditionally approve the Disclosure Statement as containing adequate information to permit holders of claims entitled to vote on the Plan to cast an informed vote to accept or reject the Plan.

**B.     Scheduling of a Hearing to Consider Final Approval
          of the Disclosure Statement and Confirmation of the Plan**

11.  The Bankruptcy Code permits the Court to adapt the schedule for final disclosure statement approval and plan confirmation to the circumstances of particular cases (see 11 U.S.C.

5

§105(d)), and a number of courts have approved consolidated hearings on adequacy of disclosure and plan confirmation. See e.g., In re Rubicon US REIT, Inc., 2010 Bankr. LEXIS 3321 (Bankr. D. Del. 2010); In re Cypresswood Land Partners, I, 409 B.R. 396, 425 (Bankr. S.D. Tex. 2009) ("Pursuant to 11 U.S.C. § 105(d)(2)(B)(vi), this Court scheduled a simultaneous hearing on the Amended Disclosure Statement and the Amended Plan for reasons of judicial efficiency and economy. Therefore, the Court's approval of the Amended Disclosure Statement at the confirmation hearing instead of at a prior separate hearing does not preclude confirmation under § 1129(a)(2)."); In re Elite Agents Mortgage Servs., Inc., No. 03-41805 (Bankr. D.N.J. July 9, 2004) (Approving a consolidated hearing regarding the adequacy of the disclosure statement and confirmation of the plan); In re Luminent Mortgage Capital Inc., No. 08-21389 (Bankr. D. Md. May 15, 2009) (entering an order scheduling concurrent hearings on approval of the disclosure statement and confirmation of the second amended joint plan of reorganization).

12.  Bankruptcy Code Section 105(d) specifically provides for the combination of the hearing on the disclosure statement and confirmation of the plan. Section 105(d) of the Bankruptcy Code provides, in relevant part, as follows:

> (d) The court, on its own motion or on the request of a party in interest-
>
> * * *
>
> (2) unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure, issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically, including an order that—
>
> * * *
>
> (B) in a case under chapter 11 of this title—
>
> * * *

6

> (vi) provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan.

11 U.S.C. §105(d); see also, In re Gulf Coast Oil Corp., 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) (harmonizing sections 105(d) and 1125(f) of the Bankruptcy Code and stating that "section 1125(f) authorizes combined plans and disclosure statements [hearings] in small business cases and section 105(d) authorizes the court to combine them in other cases."). A combined hearing is appropriate where, as here, a plan provides for a limited number of impaired parties that are commercially sophisticated and familiar with the debtor and its business. In re Amster Yard Assocs., 214 B.R. 122, 124 n. 5 (Bankr. S.D.N.Y. 1997).

13.     The Debtor submits that a consolidated hearing for final approval of the Disclosure Statement and confirmation of the Plan is appropriate in this case to eliminate the unnecessary time and expense that the Debtor's estate will incur if the procedure for disclosure statement approval and plan confirmation is not consolidated.  Furthermore, a consolidated hearing will benefit all parties in interest by promoting judicial economy, the expedient reorganization of the Debtor, hastening creditor recoveries and ensuring that the Debtor's assets will be sold in a prompt and expeditious manner, thereby accelerating recoveries to creditors.

14.     Accordingly, the Debtor respectfully requests that the Court schedule a combined hearing for final approval of the Disclosure Statement and confirmation of the Plan (the "**Combined Hearing**") in accordance with sections 105(d) and 1128(a) of the Bankruptcy Code, Bankruptcy Rule 3017(c), and Local Rule 3017, and subject to the Court's availability, on a date approximately forty (45) days after the Court signs the proposed order approving this Motion and conditionally approving the Disclosure Statement.

7

15. Although the standard notice period for approval of a disclosure statement and confirmation of a plan under Rule 2002(b) as noted above is 28 days, a court may reduce this time period upon a showing of cause. See Fed. R. Bankr. P. 2002, 3017 and 9006.

> Any such showing should not only demonstrate the need for greater haste but also that no prejudice to parties in interest will result. . . . [I]f there are few impaired creditors or if the impaired creditors are sophisticated and well informed concerning the case, the reduction of the notice period would be more acceptable.

9 COLLIER ON BANKRUPTCY ¶ 3017.01[2] (16th ed.). Absent objection and depending on the circumstances, "an actual hearing [on adequacy of disclosure] need not occur or may be much abbreviated." Id. at ¶ 3017.01[4]; see, 11 U.S.C. 102(1). "The court may also select the time for the confirmation hearing before it approves the disclosure statement." 9 COLLIER ON BANKRUPTCY ¶ 3017.01[4] (16th ed.), citing Fed. R. Bankr. P. 3017(b).

16. The Debtor, therefore, requests that the Court enter an order conditionally approving the Disclosure Statement, and approving the following:

a. pursuant to Bankruptcy Rule 3017(c), setting 14 days prior to the Combined Hearing as the date by which all votes to accept or reject the Plan must be submitted and actually received by the Solicitation and Tabulation Agent (the "**Voting Deadline**");

b. fixing 14 days prior to the Combined Hearing at 5:00 p.m. Pacific Time as the date by which objections to the Disclosure Statement and Plan must be actually filed and received by the parties identified in paragraph 21, *infra* (the "**Confirmation Objection Deadline**");

c. pursuant to section 1128(a) of the Bankruptcy Code and Bankruptcy Rule 3017(c), scheduling the Combined Hearing on or about forty-five (45) days from the date of conditional approval of the Disclosure Statement;

8

d.  approving the form of ballots for accepting or rejecting the Plan in substantially the form attached hereto collectively as **Exhibit A**;

e.  pursuant to Bankruptcy Rule 3018(a), approving the Voting Procedures (as hereinafter defined); and

f.  approving the notice of the Combined Hearing in substantially the forms attached hereto as **Exhibit B** and **Exhibit C**.

17.  The proposed schedule above will facilitate consummation of the transactions contemplated by the Plan and the proposed Disclosure Statement. Setting a schedule as proposed will maximize recoveries for the benefit of all creditors by, among other things, reducing the administrative expenses of these Chapter 11 Cases. Additionally, the proposed schedule affords parties in interest ample notice of the proceedings relating to confirmation of the Plan.

18.  The Debtor also requests that the Court require that any objections to the Disclosure Statement and confirmation of the Plan be in writing and (a) state the name and address of the objecting party and the nature of the claim or interest of such party, (b) state with particularity the basis and nature of any objection or proposed modification, and (c) be filed, together with proof of service, with the Court and served so as to be actually received no later than the Confirmation Objection Deadline on the following:

Samuel A. Schwartz, Esq.
The Schwartz Law Firm, Inc.
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for Debtor

19.  The proposed timing of service of objections to the Plan will afford the Debtor sufficient time to file and serve a reply to such objections, if any, and to prepare adequately for the

9

Confirmation Hearing.

**C.     Proposed Solicitation and Voting Procedures**

**1.     Record Date For The Holders Of Claims And Equity Interests**

20.     Bankruptcy Rule 3017(d) provides that, for the purposes of transmission of a Disclosure Statement and Plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record at the date the order approving the disclosure statement is entered." Sufficient time exists here for SLF to mail the Solicitation Package (as defined below) to creditors and parties of interest. The use of the record date set forth in Rule 3017(d) is for transmission purposes only and shall have no preclusive effect with regard to who is entitled to receive distributions under the Plan.

**2.     The Proposed Form of Ballots**

21.     Bankruptcy Rule 3018(c) provides, in relevant part, as follows:

> *Form of Acceptance or Rejection.* An acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or authorized agent, and conform to the appropriate official form.

22.     Bankruptcy Rule 3017(a) provides that ballots for accepting or rejecting the Plan should conform substantially to Official Form No. 14. The Debtor proposes to use the form of ballots for accepting or rejecting the Plan in substantially the form attached hereto collectively as **Exhibit A** (the "**Ballots**"). The Ballots are based upon Official Form No. 14, but have been modified in order to provide clear instructions to the Debtor's creditors as to voting procedures, the vote tabulation process and the effects of casting a particular Ballot. Highlighting this important information by placing it on the Ballots will facilitate the voting process for the Debtor's creditors, especially the Debtor's trust deed holders. The Debtor submits that these slight modifications are required in order

to ensure the accuracy, completeness and timeliness of voting on the Plan.

**3.     The Proposed Voting Procedures**

23.     The Debtor requests that the Court enter an order (i) approving, *inter alia*, their proposed ballot solicitation and tabulation procedures (the "**Voting Procedures**") and (ii) fixing the Record Date as the date of approval of the Disclosure Statement. The Voting Procedures will enable the Debtor to conduct an effective solicitation of acceptances or rejections of the Plan that is consistent with the requirements of the Bankruptcy Code, the Bankruptcy Rules and due process.

24.     Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for purposes of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan of reorganization. Specifically, Bankruptcy Rule 3017(d) provides that, upon approval of a disclosure statement, a debtor:

> [s]hall mail to all creditors and equity security holders and, in a chapter 11 reorganization case, shall transmit to the United States Trustee:
>
> (1) the plan, or a court approved summary of the plan;
>
> (2) the disclosure statement approved by the court;
>
> (3) notice of the time within which acceptances and rejections of such plan may be filed; and
>
> (4) such other information as the court may direct including any opinion of the court approving the disclosure statement or a court approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders pursuant to Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors' and equity security holders entitled to vote on the plan.

25.     The Debtor proposes that, upon approval of the proposed Disclosure Statement, the following solicitation materials (collectively, a "**Solicitation Package**") be distributed to: (a) each

11

holder of a Claim (as such term is defined in the Bankruptcy Code) in an impaired class that is (i) listed in the Schedules as of the date of the hearing on this Motion as liquidated, undisputed and not contingent, (ii) represented by a timely filed proof of claim against the Debtor and that is not the subject of an objection (which must be filed and served by the Debtor at least ten (10) days prior to the Voting Deadline), or (iii) listed in the Schedules or represented by a timely filed proof of claim as unliquidated, disputed and contingent and that is not the subject of an objection (which must be filed and served by the Debtor at least ten (10) days prior to the Voting Deadline); and (b) each party to the Debtor's executory contracts and unexpired leases, as listed on Schedule G of the Schedules:

 a. the Plan;
 b. the Disclosure Statement;
 c. the order approving the Disclosure Statement;
 d. notice of approval of the Disclosure Statement and the dates fixed by the Court as the Voting Deadline, the Confirmation Objection Deadline, the Record Date, and the scheduling of the Confirmation Hearing, in substantially the form of the Confirmation Hearing Notice attached hereto as **Exhibit B** (the "**Confirmation Notice**");
 e. appropriate Ballots and voting instructions; and
 f. a pre-addressed return envelope for each Ballot.

26. Pursuant to section 1126(f) of the Bankruptcy Code, entities that are unimpaired under the Plan are deemed to have accepted the Plan and are not entitled to vote on the Plan. As a result, the Debtor is not required to solicit the votes of such unimpaired claims. Instead of sending a complete Solicitation Package to each of such entities holding unimpaired claims, the Debtor proposes to transmit to such entities a notice, in the form attached hereto as **Exhibit C** (the "**Unimpaired Class Notice**"). The Debtor submits that the Unimpaired Class Notice complies with

12

the requirements of Bankruptcy Rule 3017(d) and should be approved.

27. In addition, the Debtor proposes the following additional procedures with respect to the solicitation of votes on the Plan:

- Return of Ballots:

    Each claimant that has a Claim for which a Claim amount may be determined and which claim is not treated as unimpaired under the Plan as of the Voting Deadline is entitled to vote to accept or reject the Plan. All Ballots will be accompanied by return envelopes addressed to SLF. All Ballots must be *actually received* by SLF by 5:00 p.m., Pacific Time, by the Voting Deadline.

- Tabulation Agent and Solicitation Agent:

    The Debtor will be using SLF for purposes of distributing Solicitation Packages and tabulating votes on the Plan. SLF is the entity that will be responsible for the distribution of Solicitation Packages to, and tabulation of Ballots received from, all entities. In addition, SLF will field all inquiries on the Plan, the Disclosure Statement, and the Voting Procedures.

**D.    The Proposed Procedures for Vote Tabulation**

28. For purposes of voting, the Debtor proposes that the amount of a claim used to tabulate the acceptance or rejection of the Plan will be as follows, in order of priority:

a. If, prior to the Voting Deadline, (i) the Bankruptcy Court enters an order fully or partially allowing a Claim, whether for all purposes or for voting purposes only, or (ii) the Debtor and the holder of a Claim agree to fully or partially allow such Claim for voting purposes only and no objection to such allowance is received by the Debtor within seven (7) days after service by first class mail of notice of such agreement to the entities having filed a notice of appearance in the Debtor's Chapter 11 Cases, the amount allowed thereunder;

b. The liquidated amount specified in a proof of claim filed by the Record Date, so long as such proof of claim has not been expunged, disallowed, disqualified or suspended

13

   by the Bankruptcy Court;

 c. The Claim amount listed in the Debtor's Schedules as liquidated, undisputed, and not contingent;

 d. With respect to the Debtor's lenders, such claim amounts as set forth in the Court's orders valuing such claims in accordance with Section 506(a) of the Bankruptcy Code; and

 e. If the Debtor served an objection to a claim at least ten (10) days before the Voting Deadline, such claim shall be temporarily disallowed for voting purposes only and not for purposes of disallowance of distribution, except to the extent and in the manner as the Court may order pursuant to Bankruptcy Rule 3018(a).

29. The Debtor proposes that if any claimant seeks to challenge allowance or disallowance of its claim for voting purposes that such entity is directed to serve on the Debtor and file with the Bankruptcy Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim only for purposes of voting to accept or reject the Plan, provided such motion is filed on or before the tenth (10th) calendar day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection to such claim, if any. Such claimant's Ballot shall not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes after notice and a hearing in accordance with Bankruptcy Rule 3018(a).

30. In addition, the Debtor requests that the Court enter an order establishing the following procedures regarding the tabulation of votes cast with respect to the Plan:

 a. A vote may be disregarded if the Court determines, after notice and a hearing, that a vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

14

    b. A holder of Claims in more than one class must use separate Ballots for each class of Claims;

    c. If multiple Ballots are received for a holder of Claims, the last Ballot received from such holder prior to the Voting Deadline will be the Ballot that is counted;

    d. If multiple Ballots are received from different holders purporting to hold the same Claim, in the absence of contrary information establishing which claimant held such Claim as of the Voting Deadline, the latest-dated Ballot that is received prior to the Voting Deadline will be the Ballot that is counted;

    e. If multiple Ballots are received from a holder of a Claim and someone purporting to be his, her, or its attorney or agent, the Ballot received from the holder of the Claim will be the Ballot that is counted, and the vote of the purported attorney or agent will not be counted;

    f. A Ballot must be signed in order for the vote to be counted; and

    g. For the purpose of voting on the Plan, SLF will be deemed to be in constructive receipt of any Ballot timely delivered to any address that SLF designates for the receipt of Ballots cast on the Plan.

31. The Debtor further requests that the order entered by the Court provide that any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by casting a superseding Ballot so that the superseding Ballot is received by SLF on or before the Voting Deadline. Entities desiring to change their votes after the Voting Deadline may do so only with approval of the Court for "cause" pursuant to Bankruptcy Rule 3018(a) by filing a motion with the Court on or before the Confirmation Objection Deadline so that it may be heard and considered at the Confirmation Hearing.

15

32. The proposed Voting Procedures are solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of or distribution on account of a claim, and the Voting Procedures are without prejudice to the rights of the Debtor or any other party in interest in any other context to dispute any unresolved claim. The Debtor believes that the proposed Voting Procedures provide for a fair and equitable voting process.

33. The Debtor believes that the foregoing proposed procedures embody an orderly and logical method for soliciting and tabulating the Ballots of those parties entitled to vote as is contemplated by the Bankruptcy Code and Bankruptcy Rules.

**E.      Bid Procedures**

34. In addition to the foregoing, the Debtor also requests that bid procedures (the "**Bid Procedures**") (as set forth in the Disclosure Statement and Plan) and the form and manner of notice of the bid procedures and hearing be approved. A copy of the proposed form and manner of notice of the bid procedures for the sale of the Debtor's Property is attached hereto as **Exhibit D**.

35. The Debtor determined that the proposed structure for the Bid Procedures is the one most likely to maximize the realizable value of the Debtor's assets for the benefit of the Debtor's estate, creditors and other interested parties.

36. Under the Bid Procedures, only qualified bidders (the "**Qualified Bidders**") may submit bids for the assets or otherwise participate in the auction. Qualified Bidders are those entities who (i) delivered to the Debtor the potential bidder's financial disclosures, acceptable to, and requested by, the Debtor, which information shall demonstrate the financial capability of the potential bidder to purchase the Property, (ii) provided evidence that the bidder has the necessary internal authorizations and approvals necessary to engage in the transaction without the consent of any entity that has not already been obtained, and (iii) delivered a cashier's check made payable to SLF, or cash

in the amount of $75,000, all of which is more aptly described in the Bid Procedures attached as **Exhibit D**.

37. Within two (2) business days of each potential bidder's delivery of all of the material required in the immediately proceeding paragraph, SLF will notify such potential bidder in writing as to whether such potential bidder shall be considered a Qualified Bidder. Any Qualified Bidder who desires to make a competing offer for assets must submit a written copy of its bid to the undersigned counsel for the Debtor upon the timeframes set forth in the Bid Procedures.

**F.    Notice**

38. As outlined above, the Debtor provided notice, pursuant to Bankruptcy Rule 3017(a), of the hearing to consider approval of the proposed Disclosure Statement by first class mail to (a) the US Trustee; (b) the Internal Revenue Service; (c) all creditors that either (i) timely filed a proof of claim, or (ii) were scheduled by the Debtor as undisputed, liquidated and not contingent; and (d) all persons or entities that have filed a notice of appearance in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002(b).

39. It is anticipated that some of the Disclosure Statement Notices may be returned by the United States Postal Service as undeliverable. It would be costly and wasteful to mail Solicitation Packages to the same addresses as to which Disclosure Statement Notices were returned as undeliverable. Therefore, authority is requested to dispense with the mailing of Solicitation Packages to the entities listed at such addresses, unless the Debtor or SLF are provided with a more accurate address prior to the hearing to consider approval of the proposed Disclosure Statement.

40. The relief sought herein is necessary to the efficient prosecution of the Debtor's Chapter 11 Case and the chapter 11 plan process while providing adequate notice to, and otherwise protecting the rights of, the Debtor's creditors and other parties in interest in the Debtor's Chapter 11

Cases.

WHEREFORE, the Debtor respectfully requests the Court enter an order granting the relief requested herein, and granting to the Debtor such other and further relief as is just or proper.

Dated this 24th day of October, 2014.

/s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for Debtor